# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| NICK J. MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:09-CV-97 JVB |
| ) | |
| PARRISH LEASING INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff Nick Martin submitted a complaint under 42 U.S.C. § 1983, asserting that on September 8, 2008, Parrish Leasing Company, and company officials Chip Parrish, Don Parrish, and Chuck Miller refused to replace brake drums on his truck. Martin alleges that the defendants' refusal to replace these brake drums caused him to have an accident that "was not my fault," resulting in Martin being injured. (Compl. at 3). Martin seeks leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2).

A plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007). Instead, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. However, in a pro se complaint "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). *Erickson v. Pardus*, 127 S.Ct. 2197,

2200 (2007). A "document filed *pro se* is 'to be liberally construed,'. . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted).

Martin brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Matoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." If the person did not act "under color of state law," the action must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The phrase "acting under color of [state] law" is defined as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Evans v. United States*, 504 U.S. 255, 274 (1981) (citations omitted).

The defendants named in the complaint are a private trucking company and several of its officials. These are not state or municipal entities or officials; rather, they are a private corporation and its officials, who are not state actors absent unusual circumstances.

The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only

2

because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). The Supreme Court has articulated three tests to determine whether a private party acted under color of state law: the public function test, the state compulsion test, and the joint action test. The public function test requires that the private party exercised powers which are traditionally exclusively reserved to the state. *West*, 487 U.S. at 49-50. The state compulsion test requires that the state exercised such coercive power over the private party, or provided such significant encouragement to the private party, that in law the choice of the private actor is deemed to be that of the state. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Finally, the joint action test requires that the private party is a willful participant in joint action with the state or its agent. *Dennis v. Spark*, 449 U.S. 24 (1980). Even giving the plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, nothing in the complaint suggests that any of the defendants were state actors under any of these tests. Because the defendants did not act under color of state law, Martin may not bring a § 1983 claim against them.

That the plaintiff does not have a federal law claim against these defendants, however, does not mean that he does not have a state law claim against them. Accordingly, the Court will dismiss this complaint without prejudice to the plaintiff's right to bring a claim against the defendants in state court based on the facts he presents in this complaint.

For the foregoing reasons, the Court **DENIES** the plaintiff's motion for leave to proceed *in forma* pauperis (DE 2) and **DISMISSES** this cause of action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) without prejudice to the plaintiff's right to bring his claim against the defendants in state court.

SO ORDERED on May 5, 2009.

                                                          s/Joseph S. Van Bokkelen
                                                          JOSEPH S. VAN BOKKELEN
                                                          UNITED STATES DISTRICT JUDGE
                                                          HAMMOND DIVISION